IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KENNETH G. DAVIS,

        Plaintiff,

v.                                      CIVIL ACTION NO.  5:11-cv-00408

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

MEMORADUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act (SSA), 42 U.S.C. §§ 401-433,1381-1383f.  By Standing Order entered June 9, 2011 (Document 4), this action was referred to United States Magistrate Judge R. Clarke VanDervort for proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, Kenneth Davis, filed an application for SSI on December 15, 2008, alleging disability as of January 1, 2006, due to knee and back problems as well as his limited ability to read and write. (Tr. at 14.)  Plaintiff's claim was denied initially, and also upon reconsideration. On September 10, 2010, Plaintiff had a hearing before the Honorable Michelle Wolfe, Administrative Law Judge ("ALJ"). On September 17, 2010, the ALJ determined Plaintiff was not entitled to benefits. The Appeals Council subsequently denied Plaintiff's request for review,

and the decision became final on April 11, 2011. Plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g).

Pending before the Court are Plaintiff's Motion for Judgment on the Pleadings (Document 10), Defendant's Motion for Judgment on the Pleadings (Document 13) and Plaintiff's Motion for Remand for Consideration of New and Material Evidence (Document 11). On August 9, 2012, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF&R"), wherein it is recommended that the Court (1) deny Plaintiff's motions; (2) grant Defendant's motion; (3) affirm the final decision of the Commissioner; and (4) dismiss this matter from the Court's docket. (Document 15 at 19.) The Court has reviewed the PF&R, the parties' motions, Plaintiff's Objection to U.S. Magistrate Judge's Recommendation (Document 16), Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Document 17), and Plaintiff's Reply to Defendant's Response (Document 18).

## I.     APPLICABLE LAW

Disability under the SSA is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (2012). The Social Security Administration utilizes a five-step inquiry to determine eligibility for social security benefits. The steps are followed in order, and if a claimant is determined not to be disabled at one step, the evaluation proceeds to the next step. *See Johnson v. Barnhart*, 434 F.3d 650, 653-54 (4th Cir. 2005). ). The PF&R correctly lays out the five-step inquiry as follows:

> The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id*. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id*. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id*. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2010). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

(Document 15 at 2-3.)

## II. STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to make a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). A district court's authority to choose among these options is independent of the statutory duty to afford

3

review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face."). As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Coinciding with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .[.]" 42 U.S.C. § 405(g) (2012). This language limits the Court's role in reviewing the ALJ's decision to determining whether his findings are supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.").

"Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)). Substantial evidence has also been held to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hays*, 907 F.2d at 1456 (citing *Richardson*, 402 U.S. at 401). In making its determination, the Court must look to "the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438

F.2d 1157, 1157-58 (4th Cir. 1971). When the Commissioner's decision clearly disregards the overwhelming weight of the evidence, the Court may modify or reverse the decision. *Id.*

### III. ANALYSIS

*A. ALJ Findings of Fact and Conclusions of Law*

The ALJ determined Plaintiff satisfied the first inquiry because he had not engaged in substantial gainful activity since January 1, 2006. (Tr. at 16, Finding No. 2.) Under the second inquiry, the ALJ found Plaintiff suffered from "obesity, chronic obstructive pulmonary disease, dysphagia and vocal c[h]ord polyps, and degenerative disc disease of the lumbar spine." (*Id.*, Finding No. 3.) However, under the third inquiry, the ALJ found Plaintiff's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 20, Finding No. 4.) The ALJ concluded Plaintiff had a residual function capacity

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he can never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He should avoid even moderate exposure to temperature extremes, wetness, humidity, fumes, odors, gases, dust, poor ventilation, vibrations, and hazards. Additionally, as a result of the claimant's education level and difficulty with reading, the undersigned notes that he is limited to unskilled work.

(Tr. at 20, Finding No. 5.) Under the fourth inquiry, the ALJ found Plaintiff had no past relevant work. (Tr. at 24, Finding No. 6.) Under the fifth inquiry, based on the Vocation Expert testimony, the ALJ concluded Plaintiff could perform jobs such as a hand assembler, bench level, hand packer, and shipping and receiving position, at the sedentary level of exertion. (Tr. at 25, Finding No. 10.) Thus, the ALJ denied benefits. (Tr. at 35, Finding No. 11.)

## B. *Plaintiff's Background and Medical Records*

Plaintiff was forty-nine (49) years-old at the time of the September 10, 2010 administrative hearing. According to his testimony, Plaintiff finished the seventh grade and is able to communicate in English. Plaintiff has past relevant work experiences as a construction laborer, general laborer and a cable lining worker. Plaintiff testified at the hearing that he could not read and couldn't spell "very good at all." (Tr.at 33.) Plaintiff also testified that he has trouble reading menus and identifying small words in newspapers. (Tr. at 34.) However, Plaintiff testified he does simple math "pretty good." (*Id*.) Plaintiff had a friend help him complete the forms for his SSI claim.

On February 9, 2009, psychologist Judith Lucas, M.A., examined Plaintiff. He reported to her that he had difficulty reading and spelling, and reported that he finished seventh grade after being retained. (Tr. at 400.) Plaintiff also reported to Ms. Lucas that he dropped out of school in eighth grade at age sixteen. (*Id*.) Plaintiff reported he never participated in special education classes. (*Id*.) Ms. Lucas performed a Wechsler Adult Intelligence Scale ("WAIS-III") exam and found Plaintiff had a verbal IQ of 77, a performance IQ of 94 and a full scale IQ of 84. (*Id*. at 402.) Plaintiff reported that he had bouts with depression but was able to shake it off and reported he had not been hospitalized or received treatment for mental impairments. (*Id*. at 400.) Ms. Lucas noted Plaintiff was cooperative, related appropriately with her, and exhibited relevant and coherent speech. (*Id*. at 402.) On a Wide Range Achievement Test, Revision Four ("WRAT-4"), Ms. Lucas found that Plaintiff read at a 2.1 grade level, had sentence comprehension at a 3.5 grade level, and math computation at a 4.9 grade level. (Tr. 402). Ms. Lucas thought that the sentence comprehension math computation scores might be a low

estimate. (Tr. 403). Ms. Lucas diagnosed Plaintiff with depressive disorder NOS and cannabis abuse. (*Id*.)

Plaintiff is limited to sedentary work due to his physical impairments, including morbid obesity. On February 13, 2009, Dr. Paula J. Bickham, Ph.D., completed a form Psychiatric Review Technique ("PRT"). Dr. Bickham determined Plaintiff's depression was not a severe impairment, and the depression resulted in no more than mild limitations in activities of daily living, social functioning, and maintaining concentration, persistence, or pace. (Tr. at 416.)

## C. *Plaintiff and Defendant's Arguments for Judgment on the Pleadings*

Plaintiff argues the ALJ decision is not supported by substantial evidence because he has less than a limited education, and the ALJ erred in relying on the vocational expert's testimony that there were jobs that required a sixth or seventh grade reading ability that he could perform. (Document 10 at 1-2, 10-15.) Plaintiff contends the vocation expert was not properly advised of his reading ability and mental capacity. (*Id*. at 12.) Plaintiff argues the ALJ failed to address the credibility of his assertion that he was illiterate, and failed to make any finding with respect to the testing that showed he could only read at a second or third grade level. (*Id*.) Further, Plaintiff argues that his education was marginal rather than limited. Finally, Plaintiff argues that the ALJ "should have developed the record further, particularly in light of [his] assertion that he was illiterate despite an eighth grade education, to determine whether a diagnosis of borderline intellectual functioning was warranted." (*Id*. at 14.) Defendant argues more than a mere scintilla of evidence supports the ALJ's decision that Plaintiff could perform the limited mental demands of unskilled work.

*D. Magistrate Judge's PF&R and Plaintiff's Objections*

*1. Motion to Remand for Consideration of New and Material Evidence*

Attached to Plaintiff's Motion for Remand for Consideration of New and Material Evidence is a copy of his school records from Marion County, West Virginia. (Document 11 Ex.1.) The records reveal that Plaintiff repeated the seventh grade three times, from 1973 through 1976, and dropped out of school during the 1976 through 1977 school year, when he was in the eighth grade. (*Id*.) It is unclear to the Court how Plaintiff was promoted to eighth grade in light of his failing grades in seventh grade.

To the extent Plaintiff seeks a sentence six remand under Section 405(g), Plaintiff must prove (1) the evidence is new; (2) the evidence is material; and (3) good cause exists for not producing the evidence earlier. *See* 42 U.S.C. § 405(g); *Brock v. Secretary, Health and Human Servs.*, 807 F. Supp. 1248 (S.D. W.Va. 1992.).

Plaintiff argues he had less than a limited education because the school records show he was in the seventh grade for three years and dropped out of school in the eighth grade. (Document 12 at 1.) Plaintiff argues this evidence is new because it was not part of the record. (*Id*. at 2.) Plaintiff argues the evidence is material because it could result in a different decision "given that the only evidence of record of jobs that [Plaintiff] could still do given his physical limitation to sedentary exertion require a sixth or seventh grade reading level." (*Id*.) Further, Plaintiff argues good cause exists for not submitting his school records prior to the conclusion of the administrative proceedings because Plaintiff was represented by another attorney who had not handled a social security claim "for a while." (*Id*. at 3-4)

The Magistrate Judge found that Plaintiff did not meet the remand standard in the sixth sentence of Section 405(g). Although the Magistrate Judge appears to find that the evidence is

new, he determined that the evidence was not material and that Plaintiff failed to establish good cause for his failure to previously submit the school records at the administrative level. (Document 15 at 16-18.) Thus, the Magistrate Judge found remand was inappropriate.

The Court finds Plaintiff fails to meet his burden for remand. Although the Court questions whether this evidence was "new" in light of the fact that is was easily available for over twenty-three (23) years prior to Plaintiff's hearing, the Court will assume the evidence was new. However, the Court finds Plaintiff fails to show good cause for his failure to submit the evidence at the administrative level. Plaintiff argues good cause exists because his former attorney had not handled a social security claim "for a while," and the records submitted by his new attorney "contradict to some degree [his] remembrance regarding his educational background and further corroborate that [he] does not have a sixth or seventh grade reading level." (Document 12 at 3.) The Magistrate Judge found Plaintiff failed to establish good cause because: (1) the school records were in existence prior to the administrative proceedings; (2) nothing suggests the records were difficult to obtain because of his financial conditions; and (3) the Appeals Council gave Plaintiff's former attorney a twenty-five day extension to submit more evidence or a statement about the facts and law in his case, which he failed to do. (Document 15 at 17-18.) The Court finds Plaintiff's change in counsel, alone, does not establish good cause for his failure to submit the school record evidence.[1]

Plaintiff argues that the ALJ "had a concomitant duty to ensure that the record was adequately developed to provide a sound basis for the disability determination and to facilitate

---

[1] Even if Plaintiff had a marginal education, he could still perform unskilled work as determined by the ALJ. For new evidence to be material, it "must be material to the extent that the [Commissioner's] decision 'might reasonably have been different' had the new evidence been before [him]" *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). Although Plaintiff failed to establish good cause for his failure to submit the school records to the ALJ or Appeals Council, the Court also finds the evidence is not material because such evidence would not reasonably change the ALJ's decision in light of his ability to perform the mental demands of semi-skilled work.

9

judicial review." (Document 16 at 5)(Citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). Plaintiff argues the ALJ failed to fully develop the record concerning his education. Plaintiff directs the Court to *Kearney v. Astrue*, 730 F.Supp.2d 482, 484 (E.D. N.C. 2010). Plaintiff argues that the Court, in *Kearney,* "ordered further development of the record, including procurement of the claimant's school records, even though the claimant was represented by a non-attorney representative throughout his administrative proceedings." (Document 16 at 5.) In response, the Defendant argues Plaintiff "offered no reasons whatsoever in his objections for not submitting the evidence to the ALJ." (Document 17 at 5.) Rather than proffer good cause for failing to previously submit the evidence, Defendant contends "Plaintiff seeks to shift the blame to the ALJ — arguing for the first time that the ALJ did not sufficiently develop the record."

Although it is likely Plaintiff has waived this argument by failing to raise the issue in his opening brief, the Court will consider this objection as to whether the ALJ met her duty to develop the record. "This circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ is only required to obtain additional evidence if what is before her is insufficient to make a disability determination. *See* 20 C.F.R. §§ 404.1512(e), 416.912(e). The ALJ adequately developed the record in this case. The Plaintiff testified that he completed the seventh grade. The Court finds no requirement that an ALJ obtain additional educational records, not provided to the ALJ, particularly when a claimant is not able to work because of physical impairment as opposed to mental impairment. Based on Plaintiff's past work and his testimony, the ALJ found the record was sufficient to make a decision. Remand for failure to develop the record is only appropriate where a claimant would be

prejudiced by the failure to develop the record. *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980). Plaintiff performed semi-skilled work and did not stop working due to any mental impairment. Plaintiff cannot be said to be prejudiced by the ALJ's failure to consider his school records. Accordingly, the Court overrules this objection.

### 2. *Substantial Evidence Supports ALJ's decision*

The Magistrate Judge considered Plaintiff's argument that the ALJ erred at step five of the sequential analysis by finding that he had a limited, rather than a marginal education, and that he could read and write at a sixth and seventh grade level. The Magistrate Judge correctly stated the definitions of limited and marginal education. (Document 15 at 11-12.) Limited education is defined as the "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in *semi-skilled or skilled jobs*." 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3) (2010). Formal education of seventh grade though eleventh grade is usually considered a limited education. (*Id*.) On the other hand, marginal education is defined as "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." 20 C.F.R. §§ 404.1564(b)(2), 416.965(b)(2) (2010). Formal education of schooling at a 6th grade level or less is a marginal education. 20 C.F.R.§§ 404.1564(a)(2), 416.964(a)(2) (2010).

The Magistrate Judge noted that Plaintiff testified he completed seventh grade, and therefore, his formal education suggests a limited education. (Document 15 at 12.) However, the Magistrate Judge also considered Plaintiff's testimony that he was illiterate and didn't read or spell well. The Magistrate Judge also considered Plaintiff's past work experience as a construction laborer, a laborer, and a cable lining worker, as well as the vocation expert's testimony that the laborer and cable lining worker jobs were classified as semi-skilled work. The

Magistrate Judge concluded that Plaintiff "may have developed intellectual abilities during the course of his prior employment, which were greater than his formal education and that allowed for greater than unskilled level work." (Document 15 at 13) (citing *See* 20 C.F.R. §§ 404.1564(a), 416.964(a) (2010) ("Past work experience and the kinds of responsibilities you had when you were working may show that you have intellectual abilities, although you may have little formal education.")). The ALJ found that Plaintiff had a limited education and limited Plaintiff to unskilled work due to his educational level and difficulty with reading, which is a level appropriate for a person with a marginal education.

The Magistrate Judge indicated that Plaintiff's second grade reading level as determined by Ms. Lucas's test "does not correlate with the required sixth or seventh grade reading level for the jobs identified by the vocational expert." (Document 15 at 14.) The Magistrate Judge next stated that Plaintiff "did not achieve passing grades in any academic subject in the seventh grade, though he repeated the grade three times and nevertheless was promoted to the eighth grade." (Id.) (citing (Document 11 at Exhibit 1.)) The Magistrate Judge found that Plaintiff's school records do not suggest he had a limited education. (*Id.*)

Nevertheless, the Magistrate Judge found that Commissioner's decision is supported by substantial evidence. (*Id*. at 18.) The Magistrate Judge found that "[t]he new school records submitted by [Plaintiff] suggests that based solely on the grade level completed, he has a marginal education as opposed to the limited education as determined by the ALJ." (*Id*.) Notwithstanding this finding, the Magistrate Judge indicates that Plaintiff "acknowledges that he can read and write a little, and therefore, is not illiterate as he seems to allege." (*Id*.) The Magistrate Judge concluded that Plaintiff's past work experience "contained educational and mental demands more stringent than the skill level which the ALJ has limited him to

12

performing." (*Id.*)  The Magistrate Judge noted that the ALJ limited Plaintiff to unskilled work and the evidence does not suggest he cannot perform work at that level. (*Id.*)  Additionally, the Magistrate Judge noted that "the vocation expert testified that a sixth grade education, which Plaintiff possesses, was sufficient to perform the jobs identified." (*Id.* at 18-19.)  The Magistrate Judge found that the ALJ "could have developed the record more fully regarding his educational level and ability to read and write, but the record before her was sufficient to make a determination on those factors." (*Id.* at 19.)  Thus, the Magistrate Judge found that ALJ's decision was supported by substantial evidence. (*Id.*)

Plaintiff objects to the Magistrate Judge's finding that the ALJ's decision was supported by substantial evidence because the ALJ failed to develop the record concerning Plaintiff's reading level.  Second, Plaintiff objects to the finding he failed to meet his burden of proving that a sentence six remand for new and material evidence was warranted.  Plaintiff argues that once he meets the burden that he cannot perform past work, it is the Defendant's burden to show through vocational expert testimony that there is other work in significant numbers in the national economy the claimant can do, given his age, education, work experience and residual functional capacity.  Plaintiff correctly argues that the Defendant "may not rely on the Medical-Vocational Guidelines to establish his burden, but must proffer relevant vocational expert testimony." (Document 16 at 2) (citing *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985)).  Because the ALJ determined that Plaintiff could not perform a full range of sedentary work, the Defendant was required to establish there were jobs in significant numbers in the national economy he could do. (*Id.*) Plaintiff argues the vocational expert testified that the job he identified "had sixth- or seventh-grade reading level."  (*Id.*) (citing (Tr. at 58.)) The Plaintiff points to evidence that he was illiterate, had problems reading menus and identifying small

13

words, as well as Ms. Lucas' finding that he read at a 2.1 grade level, had sentence comprehension at a 3.5 grade level and math computation at a 4.9 grade level. Based on the "new" evidence of Plaintiff's school records, he argues that we know he didn't have a seventh grade education and it is highly questionable whether he had a sixth grade education in light of Ms. Lucas's testing. (*Id*. at 4.) In response, Defendant argues that regardless if Plaintiff had a marginal or limited education, he still could perform unskilled work.

Given that the ALJ specifically found that Plaintiff could not perform a full range of sedentary work, testimony of a vocational expert was needed to establish there were jobs significant in number in the economy that Plaintiff could do. The vocational expert testified that given Plaintiff's limitation, there were jobs such as assembler, hand packer, and router. A router requires a language level of 2, and a hand packager requires a language level of 1. *See* U.S. Department of Labor, *Dictionary of Occupational Titles* (*DOT*) §§ 222.587-038, 920.587-018 (4th ed. 1991.) Meanwhile, Plaintiff's past semi-skilled work as a cable television installer requires language skills at level 3, and a cable television line technician requires language skills at level 3. Thus, Plaintiff's past work, which he can no longer do because of physical impairments, had educational and mental demands more stringent than the skill level which the ALJ has limited him to performing. The vocation expert reviewed Plaintiff's vocational background and was aware of these language skill levels when he opined that there were jobs Plaintiff could do in the national and regional economy. Even considering the "new" evidence that Plaintiff did not complete seventh grade, it is undisputed that Plaintiff finished sixth grade. The vocational expert concluded that the jobs identified required a sixth or seventh grade reading level (Tr. at 58.) and understood the reading and language skills required by Plaintiff's previous semi-skilled work, which he can no longer perform because of the physical demands of those

jobs. Thus, even assuming Plaintiff has a marginal education level based simply on his grade level completion, the vocational expert's testimony, that Plaintiff can perform the jobs identified, is supported by the record evidence of the mental demands of the semi-skilled work previously performed. *See* 20 C.F.R. §§ 404.1564(a), 416.964(a) (2010) ("Past work experience and the kinds of responsibilities you had when you were working may show that you have intellectual abilities, although you may have little formal education.") There is no evidence to suggest Plaintiff had any change in his mental abilities after he quit performing his past relevant semi-skilled work. Accordingly, the Court finds the ALJ's decision is supported by substantial evidence of record.

## *CONCLUSION*

Thus, based on the foregoing findings, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 15) be **ADOPTED**. The Court **ORDERS** that Plaintiff's Motion for Judgment on the Pleadings (Document 10) be **DENIED**, Plaintiff's Motion for Remand for Consideration of New and Material Evidence (Document 11) be **DENIED**, Defendant's Motion for Judgment on the Pleadings (Document 13) be **GRANTED**, the ALJ's final decision be **AFFIRMED**, and that this matter be **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 12, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA